**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROLEX WATCH U.S.A., INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CASE NO. 4:20-cv-01060** |
| | § | |
| **BECKERTIME, LLC and MATTHEW BECKER,** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

---

**COMPLAINT FOR FEDERAL TRADEMARK COUNTERFEITING; FEDERAL TRADEMARK INFRINGEMENT; FEDERAL FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION**

---

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"), for its complaint against defendants BeckerTime, LLC and Matthew Becker (hereinafter collectively the "Defendants"), hereby alleges as follows:

## STATEMENT OF THE CASE

1.      This is an action by Rolex against Defendants for injunctive relief, profits, trebled and/or statutory damages, pre-judgment interest, attorneys' fees and costs under the Lanham Act based on Defendants' counterfeit and infringing use of Rolex's trademarks in connection with the advertising, promotion, service and sale of watches and watch parts that are not authorized or sponsored by Rolex and that are not genuine products of Rolex.

## SUBJECT MATTER JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

3.      Defendants are subject to the Court's jurisdiction because they reside and/or do business in this Judicial District and have committed the acts complained of herein in this Judicial District.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

**PARTIES AND PERSONAL JURISDICTION**

5.       Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, NY 10022.

6.      Upon information and belief, defendant BeckerTime LLC ("BeckerTime") is a limited liability company formed under the laws of the State of Texas and is registered to do business in the State of Texas.

7.      Upon information and belief, BeckerTime has a place of business at 4700 Keller Hicks Road, Suite A, Fort Worth, Texas 76244 and/or 1540 Keller Pkwy, Unit 222, Keller, Texas 76248 (a UPS location) and has a service of process address of 1540 Keller Pkwy, Unit 222, Keller, Texas 76248 and has committed the tortious acts complained of within this Judicial District.

8.      Upon information and belief, defendant BeckerTime was previously known as and/or doing business as Becker Time Pre Owned Rolex Watches operating from and conducting business at 1540 Keller Pkwy, Unit 222, Keller, Texas 76248 (a UPS location) and had committed the tortious acts complained of within this Judicial District. Upon information and belief, BeckerTime is no longer known as or doing business as Becker Time Pre Owned Rolex Watches and Becker Time Pre Owned Rolex Watches is not currently licensed or authorized to conduct business in Texas or in any other state.

9.     Upon information and belief, defendant Matthew Becker is an individual with a principal place of business at 4700 Keller Hicks Road, Suite A, Fort Worth, Texas 76244 and/or 1540 Keller Pkwy, Unit 222, Keller, Texas 76248 and is an owner, manager, member, operator and controlling force of defendant BeckerTime and has committed the tortious acts complained of within this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Rolex's Famous Trademarks

10.     Rolex is the exclusive United States distributor and warrantor of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks, as defined *infra*.

11.     Rolex watches, watch bracelets and related products are of exceptionally high quality and are identified by the trade name and trademark ROLEX.

12.     Rolex is responsible for promoting, marketing and selling in interstate commerce throughout the United States high quality Rolex watches, watch bracelets, and related products (hereinafter referred to as "Rolex Watches").

13.     Rolex is responsible for maintaining control over the quality of Rolex Watches and watch related services in this country.

14.     Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches.

15.     Rolex is the owner of the following trademarks and trademark registrations issued by the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|-----------|----------|-----------|-------|
| **ROLEX** | 0,101,819 | 1/12/1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **OYSTER** | 0,239,383 | 3/6/1928 | Watches, movements, cases, dials, and other parts of watches. |

- 3 -

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| PRESIDENT | 0,520,309 | 1/24/1950 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ♛ (Crown Design) | 0,657,756 | 1/28/1958 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 0,674,177 | 2/17/1959 | Timepieces and parts thereof. |
| GMT-MASTER | 0,683,249 | 8/11/1959 | Watches. |
| COSMOGRAPH | 0,733,081 | 6/19/1962 | Watches and chronometers. |
| SEA-DWELLER | 0,860,527 | 11/19/1968 | Watches, clocks and parts thereof. |
| MILGAUSS | 0,875,616 | 8/26/1969 | Watches [and clocks,] and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/1978 | Watches and parts thereof. |
| YACHT-MASTER | 1,749,374 | 1/26/1993 | Watches. |
| SUBMARINER | 1,782,604 | 7/20/1993 | Watches. |
| ROLEX DAYTONA | 1,960,766 | 3/5/1996 | Watches. |
| DAYTONA | 2,331,145 | 3/21/2000 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/2001 | Watches. |
| EXPLORER | 2,518,894 | 12/18/2001 | Watches. |
| AIR-KING | 2,953,542 | 5/17/2005 | Watches and parts thereof. |
| GMT-MASTER II | 2,985,308 | 8/16/2005 | Watches and parts thereof. |

Correct and true copies of these federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached as **Exhibit 1**, which is incorporated herein by reference.

16.     The Rolex Registered Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

17.     The Rolex Registered Trademarks are distinctive and are used to identify high quality products originating with Rolex.

18.     The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

19.     Rolex and its predecessors have used the ROLEX trademark for nearly a century on and in connection with Rolex Watches and related products.  As such, the ROLEX trademark is one of the most famous marks in the world.

20.     Rolex and/or its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches well prior to the activities of the Defendants complained of herein.

21.     All Rolex Watches are identified by Rolex's registered ROLEX and/or ♛ (hereafter "CROWN DESIGN") trademarks and one or more of, but not limited to, the following registered trademarks owned by Rolex: OYSTER, OYSTER PERPETUAL, PRESIDENT, DATEJUST, COSMOGRAPH, GMT-MASTER, YACHT-MASTER, SUBMARINER, and DAYTONA (see **Exhibit 1**).

22.     The general and necessary components of Rolex Watches include at least: the watch movement, the watch case, the dial, the bezel, the crystal, the hands, and the watch bracelet (sometimes also called the watch band).

23.     Each Rolex Watch case bears a unique serial number.  Through that serial number Rolex is able to identify the original manufacture date and model of the Rolex Watch.

24.     New Rolex Watches are sold through Official Rolex Jewelers and are accompanied by a five (5) year warranty.

25.     Rolex also issues a two (2) year service warranty for Rolex Watches it services.

26.     Rolex pressure tests each Rolex Watch it sells and services to ensure that all Rolex Watches are pressure proof.

27.     Rolex Watches that have been altered by the substitution or modification of parts not provided or authorized by Rolex renders the Rolex warranty null and void because Rolex can

no longer assure the quality or performance of such watches.  Similarly, Rolex can no longer service altered watches because it cannot guarantee the quality or performance of such watches.

28.     Rolex Watches are known to retain and/or increase in value, and the purchase of a pre-owned/vintage Rolex Watch is highly regarded in the watch industry as a smart and reliable investment.

### DEFENDANTS' ACTIVITIES

29.     Defendants' activities, complained of herein, began long after Rolex's adoption, use and registration of the Rolex Registered Trademarks on and in connection with its Rolex Watches.

30.     Defendants operate, own, and/or use the website http://www.beckertime.com ("Defendants' Website") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of the Rolex Registered Trademarks.   Attached as **Exhibit 2** are representative screenshots of the Defendants' Website taken on July 30, 2020.

31.     Defendants operate, own, and/or use the website www.instagram.com/beckertime/ ("Defendants' Instagram Page") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of the Rolex Registered Trademarks.  Attached as **Exhibit 3** are representative screenshots of the Defendants' Instagram Page taken on August 6, 2020.

32.     Defendants operate, own, and/or use the website www.facebook.com/Beckertime/ ("Defendants' Facebook Page") to advertise, promote and offer for sale merchandise bearing infringing and counterfeit copies of the Rolex Registered Trademarks.  Attached as **Exhibit 4** are representative screenshots of the Defendants' Facebook Page taken on August 10, 2020.

33.     Defendants operate, own, and/or use the website www.ebay.com/usr/beckertime ("Defendants' eBay Page") to advertise, promote and offer for sale merchandise bearing infringing

and counterfeit copies of the Rolex Registered Trademarks.   Attached as **Exhibit 5** are representative screenshots of the Defendants' eBay Page taken on July 28, 2020.

34.     Defendants advertise that they are and/or employ "Rolex Experts" knowledgeable about the qualities of genuine and non-genuine Rolex watches.

35.     On or about June 16, 2020, Rolex's investigator purchased what was described on Defendants' Website as a "Ladies Rolex Two-Tone Datejust Silver Diamond Ruby" watch for $4,114.98 (hereafter "Counterfeit Watch One").   Attached as **Exhibit 6**, which is incorporated herein by reference, are photographs of Counterfeit Watch One.

36.     Rolex examined Counterfeit Watch One and determined that it was originally sold by Rolex between 1970 and the early 1980's as a Lady Date Rolesor Steel watch.   The alterations to the original watch and the working condition of Counterfeit Watch One include the following:

    a.   The dial has been refinished by stripping the original dial surface, removing all trademarks and hour marks, painting it silver, printing the trademarks ROLEX and OYSTER PERPETUAL and reattaching the CROWN DESIGN trademark, and drilling holes for 8 diamond and two ruby hour markers;

    b.   The words "Superlative Chronometer Officially Certified" were added to the dial;

    c.   The trademark DATEJUST was added in place of the word DATE on the dial;

    d.   The calendar wheel was not functioning;

    e.   The crystal which covers the dial is not the genuine product of Rolex and the magnifier which covers the date causes the numbers to be distorted;

    f.   The bezel is not the genuine product of Rolex; and,

g.   The case has been altered near the winding crown tube so that the case is no longer pressure proof.

37.    The print on the dial of Counterfeit Watch One, including the Rolex Registered Trademarks and text, was poorly applied so that when a Rolex technician carefully removed the dial from the watch movement, the trademarks and text began to peel leaving the writing on the dial compromised and chipped.

38.    The watch movement associated with Counterfeit Watch One does not meet the technical standards of a "Superlative Chronometer" nor was the watch "Officially Certified" by Rolex.

39.    The Rolex Registered Trademarks are the only source identifiers visible on Counterfeit Watch One.

40.    On July 24, 2020, Rolex's investigator purchased what was described on Defendants' Website as a "Ladies Rolex Stainless Steel Datejust Silver Diamond" for $3,464.98 (hereinafter "Counterfeit Watch Two").  Attached as **Exhibit 7**, which is incorporated herein by reference, are photographs of Counterfeit Watch Two.

41.    Rolex examined Counterfeit Watch Two and determined that it was originally sold by Rolex in 1975 as a Rolex Stainless Steel Lady Date Model.  The alterations to the original watch and the working condition of Counterfeit Watch Two include the following:

a.   The dial has been refinished by stripping the original dial surface, removing all trademarks and hour marks, painting it silver, printing the trademarks ROLEX and OYSTER PERPETUAL and reattaching the CROWN DESIGN trademark, and drilling holes for 10 diamond hour markers;

b.   The trademark DATEJUST was added in place of the word DATE on the dial;

c. The words "Superlative Chronometer Officially Certified" were added to the dial; and,

d. The bezel is not the genuine product of Rolex and is the incorrect size for the watch which caused stress fractures in the crystal; therefore the watch is no longer pressure or water proof and this will ultimately adversely affect the dial and movement of the watch.

42. The watch movement associated with Counterfeit Watch Two does not meet the technical standards of a "Superlative Chronometer" nor was the watch "Officially Certified" by Rolex.

43. The Rolex Registered Trademarks are the only source identifiers visible on Counterfeit Watch Two.

44. Defendants' Counterfeit Watch One and Counterfeit Watch Two no longer perform or function to the same quality standards as unaltered pre-owned Rolex Watches.

45. Defendants are not now, nor have they ever been, associated, affiliated, or connected with, or licensed, endorsed or sanctioned by Rolex.

46. Defendants' statements on their Website and eBay Page that Defendants are a "Certified Preowned Watch Dealer" with a "Rolex Certified Master Watchmaker" are false and likely to cause consumer confusion as to whether Rolex has approved or consented to the watches Defendants sell.

47. Defendants' Website, Instagram Page, eBay Page and Facebook Page falsely advertise and offer for sale Rolex Watches in a manner calculated to mislead consumers.

48.     Defendants' acts as aforesaid are deliberately calculated to confuse and deceive the public and are performed with full knowledge of Rolex's rights.  Said acts constitute willful and deliberate infringement of Rolex's rights in the Rolex Registered Trademarks.

49.     Rolex is not able to monitor, enforce or maintain its quality control standards on the altered/counterfeit Rolex products Defendants assemble, offer for sale and sell.

50.     Defendants' use of the Rolex Registered Trademarks in the manner described above tends to and does create the erroneous impression that Defendants' products and services emanate or originate from Rolex, and/or that said products and services are authorized, sponsored, or approved by Rolex, even though they are not.  This confusion causes irreparable harm to Rolex and the Rolex Registered Trademarks.

51.     Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain.  Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of Rolex Watches and the Rolex Registered Trademarks.

52.     Defendants' acts, as set forth herein, were willful and deliberate.  Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

53.     Rolex has suffered irreparable harm and damages as a result of Defendants' conduct.

54.     Upon information and belief, Defendants' acts will continue unless enjoined by this Court.

55.     Rolex has no adequate remedy at law.

## FIRST CAUSE OF ACTION

### Trademark Counterfeiting, 15 U.S.C. § 1114

56.     Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-55 herein.

57.     Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the ROLEX, CROWN DESIGN, DATEJUST and OYSTER PERPETUAL trademarks, and possibly other Rolex Registered Trademarks, on the counterfeit watches they sell.

58.     Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, offering for sale and sale of counterfeit watches.

59.     Defendants' unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

    a.   Cause confusion, mistake and/or deception;

    b.   Cause the public to believe that Defendants' counterfeit watches are genuine Rolex Watches, or that Defendants' products are authorized, sponsored or approved by Rolex, when they are not; and

    c.   Result in Defendants unfairly benefiting from Rolex's advertising and promotion, and profiting from Rolex's reputation and the Rolex Registered Trademarks, all to the substantial and irreparable injury to the public, Rolex, the Rolex Registered Trademarks, and the substantial goodwill represented thereby.

60.    Defendants' acts as aforesaid constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

61.    By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing three times Rolex's damages and/or Defendants' profits, whichever is greater, or, at Rolex's election, statutory damages; and (b) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### Trademark Infringement, 15 U.S.C. § 1114

62.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-55 herein.

63.    Defendants use the Rolex Registered Trademarks to advertise and promote their watches in a manner which is likely to cause consumer confusion and mistake and to deceive consumers into believing that the Defendants' products and services are in some way authorized, sanctioned, or affiliated with Rolex, when they are not.

64.    Defendants' activities, complained of herein, constitute use in commerce of copies or colorable imitations of the Rolex Registered Trademarks in a manner which is likely to cause confusion and mistake in the minds of the public in violation of 15 U.S.C. § 1114.

65.    Defendants have engaged in the aforementioned activities with the intent to confuse and deceive the public into believing that Defendants and the merchandise they sell are in some way sponsored by, or affiliated or associated with Rolex, when in fact they are not.

66.    Defendants' acts as aforesaid constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

67.     By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

**False Designation of Origin, False Descriptions and Representations, and Unfair**

**Competition,**

**15 U.S.C. § 1125(a)**

68.     Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1-55 herein.

69.     Defendants' acts as aforesaid constitute the use in commerce of false designations of origin, false descriptions and representations, and unfair competition because such designations, descriptions and representations tend to falsely designate, describe and/or represent Defendants' counterfeit and altered watches as those of Rolex in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     By reason of the foregoing, Defendants are liable to Rolex for: (a) an amount representing Rolex's damages; (b) Defendants' profits; and (c) reasonable attorneys' fees, costs including investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

### PRAYER FOR RELIEF

**WHEREFORE**, Rolex respectfully requests a judgment in favor of Rolex providing the following relief:

I.     That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them, be enjoined and restrained from:

a. Using any reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

b. Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or dilute the distinctive quality of the Rolex Registered Trademarks;

c. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce; and,

d. Using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, or as a keyword, search word, metatag, or any part of the description of the site) in connection with any goods or services not authorized by Rolex.

II.     That Defendants, within ten (10) days of judgment, take all steps necessary to remove from their Website, Instagram Page, Facebook Page, eBay Page or any other website or social media site containing content posted by Defendants, whether or not owned or operated by Defendants, all text offering for sale counterfeit or infringing Rolex products and all Rolex Registered Trademarks or copies or colorable imitations thereof used to identify altered Rolex products.

III.     That Defendants, within thirty (30) days of judgment, file and serve upon Rolex a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.     That Defendants be required to account to Rolex for all profits resulting from Defendants' sale of counterfeit or infringing Rolex products and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Rolex be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2,000,000 for each mark Defendants have counterfeited.

V.      That Rolex recover from Defendants the costs and disbursements of this action in addition to reasonable attorney and investigator fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

VI.     That Defendants be required to deliver up for destruction to Rolex all material bearing the Rolex Registered Trademarks in association with unauthorized goods pursuant to 15 U.S.C. § 1118.

VII.    That Rolex be awarded punitive damages for Defendants' willful and malicious acts of counterfeiting, infringement, false designations of origin, false descriptions and representations, and unfair competition to deter future unlawful activities as complained of herein.

VIII.   That this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or enforcement of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

IX.     That pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 777 for malicious, willful and fraudulent injury to Rolex.

X.      That Rolex be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By:  /s/ James Sowder
　　　　James Sowder
　　　　State Bar No. 18863900
　　　　Farsheed Fozouni
　　　　State Bar No. 24097705

Plaza of the Americas
700 North Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:　　(214) 871-8200
Facsimile:　　(214) 871-8209
Email:　　　　jsowder@thompsoncoe.com
　　　　　　　ffozouni@thompsoncoe.com


GIBNEY ANTHONY & FLAHERTY, LLP

Brian W. Brokate (*pro hac vice* application to be filed or pending)
Beth M. Frenchman (*pro hac vice* application to be filed or pending)
Maja Szumarska (*pro hac vice* application to be filed or pending)

665 Fifth Avenue
New York, NY 10022
Telephone:　　(212) 688-5151
Facsimile:　　(212) 688-8315
Email:　　　　bwbrokate@gibney.com
　　　　　　　bfrenchman@gibney.com
　　　　　　　mszumarska@gibney.com


KNOBBE, MARTENS, OLSON & BEAR, LLP

Craig S. Summers (*pro hac vice* application to be filed or pending)
Matthew S. Bellinger (*pro hac vice* application to be filed or pending)

2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone:　　(949) 760-0404
Facsimile:　　(949) 760-9502

- 16 -

Email:     craig.summers@knobbe.com
matt.bellinger@knobbe.com

**Attorneys for Plaintiff**
**Rolex Watch U.S.A., Inc.**