**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROLEX WATCH USA INC.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:20-CV-1060-O** |
| | § | |
| **BECKERTIME LLC., ET AL.** | § | |
| **ET AL.** | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
REGARDING DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

Pending before the Court are Defendants' Objections to Plaintiff's Bill of Costs ("Defendants' Objections") [doc. 104], filed September 8, 2022. Having carefully considered the objections and Plaintiff's reply, the Court **FINDS and CONCLUDES** that they should be **PARTIALLY SUSTAINED** and **PARTIALLY OVERRULED** as set forth below.

## I.    PLAINTIFF'S BILL OF COSTS[1]

On August 26, 2022, Plaintiff filed a Bill of Costs, seeking costs, pursuant to Federal Rule of Civil Procedure ("Rule") 54(d)(1),[2] in the amount of $1,100 for fees of court, $346 for fees for service of summons and subpoena, $30,025.50 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case, $29,893.40 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for used in the

---

[1] The Court notes that the parties made **multiple** calculation errors relating to the Bill of Costs, in the Bill of Costs as well as in Defendants' objections and Plaintiff's reply to such objections. Such errors, especially the large number of errors involved in this case, made the task of the Court in ruling on the objections much more difficult and extremely time consuming. In the future, the parties should carefully make sure that any calculations are correct prior to submitting such information to the Court.

[2] Rule 54(d)(1) states:

(1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to be the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1).

case, for a total amount of $61,364.90. In Defendants' Objections, they claim that the Court should deny or reduce the proposed Bill of Costs because of the following reasons: (1) the *pro hac vice* fees in the amount of $700 are not properly recoverable; (2) the trial transcript fees in the amounts of $9,472.60 are unreasonable and improper; (3) the deposition transcript fees in the amount of $20,812.90 are unreasonable; (4) the trial consultant charges in the amount of $6,342.50 are not allowable under law; (5) the pre-suit purchases of watches by Plaintiff's investigator in the amount of $7,579.96 are not allowable under the law; and (6) the copy fees for trial binders in the amount of $15,970.95 are excessive and unreasonable. (Defendants' Objections ("Defs.' Objs.") at 3-8.)

## II.    LEGAL STANDARD

The trial court has discretion to award Rule 54(d) costs to a prevailing party and enjoys great latitude in choosing whether an award of costs is warranted. *Jones v. City of San Antonio*, 568 F.2d 1224, 1226 (5th Cir. 1978); *Newman v. A. E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981). A prevailing party may recover costs provided it demonstrates the costs were necessarily incurred for use in the case. *See, e.g., Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285-86 (5th Cir. 1991); *Op Art, Inc. v. B.I.G. Wholesalers, Inc.*, No. 3:03-CV-0887-P, 2007 WL 9711536, at *2 (N.D. Tex. Jan. 23, 2007). Under Rule 54(d), there is a "strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc., v. August*, 450 U.S. 346, 352 (1981)). The presumption is rebuttable and the prevailing party seeking to recover costs bears the burden of proving the amount of the costs and their necessity. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Versata Software, Inc. v. Zoho Corp.*, A-13-CA-00371-SS, 2017 WL 11679769, at *4 (W.D. Tex. Feb. 14, 2017). Pursuant to 28 U.S.C. § 1920, taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4)

2

fees for exemplification and the costs of any materials where the copies are necessarily obtained for used in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interrogation services. *See* 28 U.S.C. § 1920(1)-(6).

## III.   ANALYSIS

### A.   Pro Hac Vice Fees in the Amount of $700

In the "Fees of the Clerk" section of the Bill of Costs, Plaintiff seeks $1,100.00 in fees. Defendants object to the $700 submitted to recover for the application for admission *pro hac vice* fees for seven of Plaintiff's attorneys, "claiming that *pro hac vice* costs are not recoverable in this District" under 28 U.S.C. 1920(1). (Defs.' Objs. at 3.)  In its Reply to Defendants' Objections to Plaintiff's Bill of Costs ("Plaintiff's Reply"), Plaintiff, citing to other cases, claims that "there is no categorical rule regarding *pro hac vice* fees." (Plaintiff's Reply ("Pl.'s Reply") at 1.)  Plaintiff argues that, consequently, the Court should overrule Defendants' objections and award Plaintiff $700 in *pro hac vice* fees.

The Court notes that neither Rule 54 nor 28 U.S.C. § 1920 specifically authorize *pro hac vice* fees as taxable costs.  Moreover, the Fifth Circuit has not addressed whether *pro hac vice fees* are taxable costs and the federal courts in this circuit that have addressed the issue are not in agreement.[3]  After reviewing the parties' arguments and the relevant caselaw, the Court **FINDS and CONCLUDES** that such costs are not properly taxed in this case as fees of the clerk as "such fees are an expense that an attorney pays for the privilege of practicing law in a district and should

---

[3] Some district courts in this circuit have found that *pro hac vice* fees are not taxable costs. *See, e.g., Obey v. Frisco Med. Ctr. L.L.P*, No. 4:13-CV-00656, 2015 WL 1951581, at *2 (E.D. Tex. Apr. 29, 2015); *Grimes v. BNSF Railway Co.*, No. 1:12CV137-DAS, 2013 WL 12178122, at *1 (N.D. Miss. July 11, 2013); *Lofton v. McNeil Consumer & Spec. Pharms.*, No. 3:05-CV-1531-L, 2011 WL 206165, at *1 (N.D. Tex. Jan. 4, 2011).  Others have found that such fees are taxable costs. *See, e.g., Ortiz v. Am. Airlines, Inc.*, No. 4:16-CV-151-A, 2020 WL 9421205, at *1 (N.D. Tex. Sept. 10, 2020); *Leon v. Ruiz,* No. MO:19-CV-00293-RCG, 2020 WL 12991135, at *4 (W.D. Tex. Apr. 8, 2020).

not be taxed to a [Defendant] simply because [Plaintiff] chooses to be represented by counsel not admitted to practice in the district." *Lofton*, 2011 WL 206165, at *1. Consequently, Defendants' objections to the *pro have vice* fees should be **SUSTAINED** and Plaintiff is entitled to recover $400[4] under the "Fees of the Clerk" section of the Bill of Costs, not $1100.00 as originally requested.

### B. Trial and Deposition Transcript Fees

In the "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" section of the Bill of Costs, Plaintiff seeks reimbursement in the amount of $30,055.50[5] under 28 U.S.C. § 1920(2). Defendants object, as set forth below, to three different charges under this section.

#### 1. Three-Day Expedited Turnaround Trial Transcript Fee in the Amount of $3,929.45

Defendants first object to the charge of $3,929.45 on the Trial Transcript invoice[6] for an expedited 3-day turnaround of the 721-page transcript of the bench trial that occurred in October 2021. (Defs.' Objs. at 4.) Defendants argue that there was "no imminent deadline that necessitated such a request" and that if "Plaintiff requested the 'Ordinary' turnaround time, the cost would have been $2,631.65." (*Id.*) Plaintiff, on the other hand, claims that "the expedited trial transcript was necessary for the submission of post-trial findings of fact and conclusions of law, which [Plaintiff] submitted less than three weeks after the trial." (Pl.'s Reply at 2.) Plaintiff also states that, at a

---

[4] $1,100 (original amount requested) - $700 (disallowed *pro hac vice* fees)= $400.

[5] In the Bill of Costs, Plaintiff actually claimed $30,025.50 for these fees. This, however, appears to be a typographically error because, when you add up all the submitted receipts in Exhibit C to the Bill of Costs for this section ($9472.60 + 4135.70 + 4932 + 2880.50 + 3498.10 + 2383.50 + 1123.10 + 540.05 + 649 + 441.10), the total is $30,055.50.

[6] The Trial Transcript invoice totals $9,472.60, which consists of $3,929.45 for 3-day turnaround on the trial transcript, $3,713.15 in Realtime charges, and a miscellaneous charge of $1,830, which states that it is for "Daily Rough Drafts." (Pl.'s Bill of Costs at Exhibit C [doc. 102-3].)

minimum, it seeks recovery in the amount of $4,461.65, the cost of the trial transcript at the ordinary, non-expedited rate of $2,631.65[7] plus the $1,830 in miscellaneous charges that Defendants did not object to.  (*Id.*)

"28 U.S.C § 1920(2) permits the recovery of 'fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.'"  *Blackboard Inc. v. Desire2Learn Inc.*, No. 9:06-CV-155, 2008 WL 11344755, at *2 (E.D. Tex. July 17, 2008).  "The extra cost of obtaining a trial transcript on an expedited basis is not taxable unless the party obtains prior court approval or the special character of the litigation necessitates expedited review of the transcript."  *Indus. Print Techs., LLC v. Cenveo, Inc.*, No. 3:15-md-02614-M, 2020 WL 13443897, at *3 (N.D. Tex. Aug. 26, 2020).  After reviewing the parties' arguments, the relevant receipts, and the facts in this case, the Court **FINDS and CONCLUDES** that expediting the trial transcript was not necessary in this case.  Consequently, Defendants' objection to the charge of $3,929.45 for an expedited three-day turnaround of the trial transcript should be **SUSTAINED,** and the Court reduces the allowable taxable amount for the total charge of the trial transcript from the three-day turnaround rate of $3,929.45 to ordinary turnaround rate of $2,631.65.[8]

### 2.  Realtime Trial Transcript Fees in the Amount of $3,713.15

Defendants also object to "Realtime" fees in the amount of $3,713.15 on the Trial Transcript invoice, stating that "the applicable rules and statutes do not provide for recovery of ancillary transcription services such as "Realtime." (Defs.' Objs. at 4.)  Because Plaintiff does not respond to such argument and, ultimately, withdraws its requests for such costs,[9] the Court **FINDS**

---

[7] The Court notes that Plaintiff erroneously states that the cost of the trial transcript at the ordinary rate would have been $2,641.65.  However, 721 pages times $3.65/page actually equals $2,631.65.

[8] 721 pages x $3.65/page = $2,631.65.

[9] *See* Pl.'s Reply at 2, 6.

5

and **CONCLUDES** that the "Realtime fees" are not necessary in this case. Consequently, Defendants' objection to the charge of $3,713.15 for "realtime fees" should be **SUSTAINED**, and the Court will reduce the allowable taxable amount for the Trial Transcript invoice by such amount.[10] Thus, Plaintiff is entitled to recover a total of $4,461.65 for the Trial Transcript fees.

### 3. Deposition Transcript Fees in the Amount of $20,582.90[11]

Defendants also object to deposition transcript fees in the amount of $20,582.90, stating:

> Specifically, Defendants object to the amount of Realtime and video-related charges on the Digital Evidence Group invoices in the amount of $10,551.[12] Further, Defendants object to the "Deposition Technology Package" charges on the

---

[10] Based on this and the preceding section, Plaintiffs are entitled to recover a total of **$4,461.65 in trial transcript fees** (instead of the originally requested $9,472.60), which is based on $2,631.65 for the ordinary turnaround rate charge (as opposed to the requested $3,929.45 three-day turn around rate) minus the realtime charges of $3,713.15 plus $1,830 in miscellaneous charges. (*See* Pl.'s Bill of Costs at Exhibit C [doc. 102-3].)

[11] In their objections, Defendants state that they object to the deposition transcript fees in the amount of $20,812.90. (Defs.' Objs. at 5.) This, however, appears to be a typographical error because, when the Court adds up the attached receipts for the deposition transcript fees in Exhibit B to the Bill of Costs ($4135.65 + $4932 + $2880.45 + $3498.10 + $2383.45 + $1123.10 + $540.05+ $649 + $441.10), the total is $20,582.90.

[12] Once again, Defendants have not identified exactly what charges in the Digital Evidence Group receipts, when added together, equal $10,551. After expending much time trying to figure this out, it appears that Defendants are objecting to the "Realtime/Rough," "Remote Hot Seat Exhibit/Video Capture," and "Remote Video Connection" charges on the Digital Evidence Group receipts attached to Exhibit C of the Bill of Costs, as set forth as follows:

| | | |
|---|---|---|
| Invoice # 16149: | Realtime/Rough | $1106.00 |
| | Remote Hot Seat Exhibit/Video Capture | $1350.00 |
| | Remote Video Connection | $ 50.00 |
| Invoice # 16302: | Realtime/Rough | $1365.00 |
| | Remote Hot Seat Exhibit/Video Capture | $1425.00 |
| | Remote Video Connection | $ 50.00 |
| Invoice #16367: | Realtime/Rough | $ 710.50 |
| | Remote Hot Seat Exhibit/Video Capture | $ 975.00 |
| | Remote Video Connection | $ 50.00 |
| Invoice # 16467: | Realtime/Rough | $ 906.50 |
| | Remote Hot Seat Exhibit/Video Capture | $1125.00 |
| | Remote Video Connection | $ 50.00 |
| Invoice # 16508: | Realtime/Rough | $ 588.00 |
| | Remote Hot Seat Exhibit/Video Capture | $ 750.00 |
| | Remote Video Connection | $ 50.00 |
| | | $10,551 |

U.S. Legal Invoices in the amount of $260. Therefore, Defendants contend that the allowable costs for the deposition transcripts should be [$9,771.90].[13]

(Defs.' Objs. at 5.) In its response, Plaintiff argues that the video deposition costs are recoverable in this case, stating:

> Defendants object to $5,875[14] in "video-related charges." Dkt. 104 at 5-6. Defendants incorrectly assert that as a categorical rule video deposition fees are unrecoverable absent prior authorization. Dkt. 104 at 4. Defendants cite only to *Long v. GSDMIdea City* as support for their position. . . . But there, the Fifth Circuit **explicitly stated** that it "need not decide" whether video transcripts were recoverable. . . . Courts have authorized fees for video depositions with no mention of prior authorization. *See, e.g., U.S. Bank N.A. v. Verizon Commc'ns Inc.*, 2014 WL 12577383, at *2 (N.D. Tex. Mar. 18, 2014 (citing examples and awarding video costs)[)].

---

[13] Defendants, in their objections, actually contend that the allowable costs for the depositions transcripts should be $10,001.90. (Defs.' Objs. at 5.) However, this calculation error stems from the calculation error set forth above in which the Plaintiff's stated that the total request for Deposition Transcript Fees was $20,812.90, instead of the correct calculation of $20,582.90. Thus, $20,582.90 (original corrected request in Bill of Costs) − $10,551 (realtime & video related charges) − $260 ("Deposition Technology Package") = $9,771.90.

[14] Plaintiff, in its reply, claims that Defendants are objecting "to $5,975 in video-related charges." (Pl.'s Reply at 2.) At first, the Court could not determine what charges Plaintiff was referring to as Defendant, in its objections as set forth above, raised objections to $10,551 in realtime and video-related charges and $260 in Deposition Technology Package charges. At the end of their reply, Plaintiff's state, however, that it is "withdraw[ing] its requests for RealTime costs ($8,389.15) and the 'Deposition Technology Package Charges' on the U.S. Legal Invoices in Exhibit C ($260)." (Pl.'s Reply at 6.) It would have been helpful to the Court if Plaintiff had indicated that it was withdrawing such requests in the prior sections of Plaintiff's reply where such requests were discussed. Nevertheless, the total amount of the remaining video charges that Defendants are objecting to (that have not been withdrawn by Plaintiff) is $5,875 (see below), not $5,975.

| | | |
|---|---|---|
| Invoice # 16149: | ~~Realtime/Rough~~ | ~~$1106.00~~ |
| | Remote Hot Seat Exhibit/Video Capture | $1350.00 |
| | Remote Video Connection | $ 50.00 |
| Invoice # 16302: | ~~Realtime/Rough~~ | ~~$1365.00~~ |
| | Remote Hot Seat Exhibit/Video Capture | $1425.00 |
| | Remote Video Connection | $ 50.00 |
| Invoice #16367: | ~~Realtime /Roudgh~~ | ~~$ 719.~~ |
| | Remote Hot Seat Exhibit/Video Capture | $ 975.00 |
| | Remote Video Connection | $ 50.00 |
| Invoice # 16467: | ~~Realtime/Rough~~ | ~~$ 906.50~~ |
| | Remote Hot Seat Exhibit/Video Capture | $1125.00 |
| | Remote Video Connection | $ 50.00 |
| Invoice # 16508: | ~~Realtime/Rough h~~ | ~~$ 588.00~~ |
| | Remote Hot Seat Exhibit/Video Capture | $ 750.00 |
| | Remote Video Connection | $ 50.00 |
| | | $5,875.00 |

> Defendants identified only three individuals on their initial disclosures, Matthew Becker, Carolyn Becker, and Todd Comitini. It is the depositions of these three individuals, and Defendants' lone damages expert, for whom Rolex seeks video related costs. At the time these depositions were taken, Rolex reasonably expected that the video would be necessary for use in trial preparation, and thus these are recoverable costs. . . . Indeed, Rolex was prepared to present their videos at trial. Dkt. 90 at 271-72, 325-327 (trial transcript). The fact that the video was not ultimately played at trial is not determinative. . . .

(Pl.'s Reply at 2-3 (footnote inserted).) Plaintiff, subsequently in its Reply, withdraws its requests for "Deposition Technology Package Charges" in the amount of $260 on the U.S. Legal Invoices in Exhibit C to the Bill of Costs. (Pl.'s Reply at 6.)

As to Plaintiff's request to recover deposition transcript expenses, 28 U.S.C. § 1920(2) states that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may also be taxed as costs. 28 U.S.C. § 1920(2). Cases in the Northern District of Texas have construed this language to "indisputably authorize recovery of costs for video recordings of depositions" as well as for printed transcripts of depositions. *Segner as Tr. of PR Liquidating Tr. v. Ruthven Oil & Gas, LLC*, No. 3:12-CV-1318-B, 2020 WL 230617, at *2 (N.D. Tex. Jan. 14, 2020). As to the remaining disputed expenses associated with the video-related transcripts of the depositions, based on the arguments made by Plaintiff and the receipts provided, the Court **FINDS** and **CONCLUDES** that Plaintiff has shown that such additional video-related depositions expenses were justified and necessarily obtained for use in the case, which involved complex technical issues, and are, thus, recoverable. *See U.S. Bank N.A. v. Verizon Comm'cns Inc.*, No. 3:10-CV-1842-G-BK, 2014 WL 12577383, at *2 (N.D. Tex. Mar. 18, 2014). Consequently, Defendants' objections should be **OVERRULED** and Plaintiff is entitled to recover $15,646.90[15] for deposition transcript expenses.

---

[15] This total is calculated as follows:

Invoice 16149    $4135.65 - $1106.00 (Realtime charges withdrawn) = $ 3029.65
Invoice 16302    $4932.00 - $1365.00 (Realtime charges withdrawn) = $ 3567.00

## C. Exemplification and Copy Fees[16]

Defendants also object to the following three categories of fees claimed by Plaintiff under the section of the Bill of Costs titled "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case:" (1) trial consultant charges in the amount of $6,342.50; (2) pre-suit purchases of watches by Plaintiff's investigator in the amount of $7,579.96; and (3) copy fees for trial binders in the amount of $15,970.65. (Defs.' Objs. at 3-8.) *See* 28 U.S.C. § 1920(4).

### 1. Trial Consultant Charges in the Amount of $6,342.50

Defendants also object to the $6,342.50 in trial consultant charges in the Bill of Costs, stating that such fees do not constitute "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case' under 28 U.S.C. §1920." (Defs.' Objs. at 6.) Defendants further argue that "expenses for experts and trial consultants are not taxable costs." (*Id.*) Plaintiff, on the other hand, argues that Defendants' objections lack merit because the costs are related to its use of a graphics presenter at trial, which are audio and visual professional services fees that are recoverable under 28 US.C. § 1920. (Pl.'s Reply at 4.) Plaintiff claims that it only requested reimbursement for costs for the time actually spent by the graphics presenter in Court.[17] (*Id.*) In addition, Plaintiff states:

| | | |
|---|---|---|
| Invoice 16367 | $2880.45 - $ 710.50 (Realtime charges withdrawn) = | $ 2169.95 |
| Invoice 16467 | $3498.10 - $ 906.50 (Realtime charges withdrawn) = | $ 2591.60 |
| Invoice 16508 | $2383.45 - $ 588.00 (Realtime charges withdrawn) = | $ 1795.45 |
| USLS 6-29-21 | $1123.10 - $ 65.00 (Depo. Tech. Pkg. withdrawn) = | $1058.10 |
| USLS 6-17-21 | $540.05 - $ 65.00 (Depo. Tech. Pkg. withdrawn) = | $ 475.05 |
| USLS 5-29-21 | $649.00 - $ 65.00 (Depo. Tech. Pkg. withdrawn) = | $ 584.00 |
| USLS 6-11-21 | $441.10 - $ 65.00 (Depo. Tech. Pkg. withdrawn) = | $ 376.10 |
| | | $15,646.90 |

[16] In the Bill of Costs, Plaintiff seeks a total of $29,893.40 for this category. After totaling all the attached receipts for this category (Exhibit D), it appears that the correct amount claimed should have been $29,893.41.

[17] The total bill for the use of the graphics presenter was $23,413.43. Plaintiffs, however, only seek reimbursement for $6,342.50 for the 22.5 hours the graphics presenter was in court during the trial.

9

> Given the small size of the components of watches discussed, the necessity to relay how each component affects the functioning of the watch and, the fact this was a trademark case where the visual appearance of Rolex's marks was at issue, it was necessary to have a presenter to display graphics at trial. Indeed, both parties used graphics presenters to illustrate multiple pieces of evidence throughout the case. The parties presented well over 100 exhibits, most of which were displayed using graphics to assist witnesses and the Court during the trial.

(Pl.'s Reply at 4-5.)

In certain complex cases, "the use of special audiovisual equipment and the professional technicians required to operate it can be a recoverable cost." *Realtime Data, LLC v. T-Mobile USA, Inc.*, No. 6:10-cv-493, 2013 WL 12156681, at \*3 (E.D. Tex. May 1, 2013). Furthermore, "where the use of technology during trial 'is an anticipated, useful, and necessary tool to assist in the efficient presentation of cases,' courts may award costs of audio and visual professional service fees'" even without pre-trial approval. *Crane v. Rave Rest. Grp., Inc.*, No. 4:20-CV-13-ALM, 2022 WL 403291, at \*13 (E.D. Tex. Feb. 9, 2022) (quoting *SynQor Inc. v. Artesyn Techs. Inc.*, No. 2:07-497, 2011 WL 4591893, at \*3 (E.D. Tex. Sept. 30, 2011)); *RLIS, Inc. v. Cerner Corp.*, No. 3:12-CV-209, 2015 WL 4040569, at \*3 (S.D. Tex. July 1, 2015) ("The best reading of Fifth Circuit law, however, is that it permits recovery of charges for technical support at trial, but prohibits recovery of the cost to prepare trial graphics and animations."). *But see Profectus Tech. LLC v. Google LLC*, No. 6:20-cv-00101-ADA, 2022 WL 3362282, at \*6-7 (W.D. Tex. Aug. 15, 2022) ("Because nothing in § 1920(4) authorizes taxing costs for trial graphics, trial technicians, trial equipment, or equipment for remote trial testimony, either explicitly or implicitly, the Court declines to hold [Plaintiff] responsible for reimbursing [Defendant] for these costs.").

After reviewing the parties' arguments, relevant evidence, and case law, the Court **FINDS and CONCLUDES** that Plaintiff can recover $6,342.50 in taxable costs for the graphics presenter's time in this case because: (1) reimbursement of such time is narrowly limited to the time the graphics presenter actually spent in Court and (2) this case was a complex trademark case

10

in which the use of technology during trial by both sides was an anticipated, useful, and necessary

tool to assist in the efficient presentation of cases. Consequently, Defendants' objections should

be **OVERRULED**.

### 2. Pre-Suit Purchases of Defendants' Watches by Plaintiff's Investigator in the Amount of $7,579.96

Defendants further object "to the amount of $7,579.96 in pre-suit watch purchases by

Plaintiff's investigator, as these are not recoverable charges." (Defs.' Objs. at 6.) In support,

Defendants argue:

> Again, as a threshold matter, pre-suit purchases of watches do not constitute
> "fees for exemplification and the costs of making copies of any materials where the
> copies are necessarily obtained for use in this case" under 28 U.S.C. § 1920[(4)].
> Further, these types of charges are not recoverable in this District. Private
> investigator fees are not expressly recoverable under § 1920. Thus, Plaintiff cannot
> recover for the investigator's fees "absent explicit statutory or contractual
> authorization to the contrary."

(Defs.' Objs. at 6-7 (internal citations omitted).)

In its reply, Plaintiff claims that it is not seeking any investigator fees in its bill of costs

and that Defendants' characterization of its costs is incorrect. (Pl.'s Reply at 3.) Plaintiff states

that it "purchased two of Defendants' counterfeit watches (PTX19 and PTX20) as part of its pre-

suit diligence and used those watches as examples of Defendants' counterfeiting throughout the

case." (Pl.'s Reply at 3.) Plaintiff further claims:

> The costs of those watches is appropriate for the exemplification of evidence, which
> is recoverable under §1920. Indeed, the Western District of Texas recently found
> that the cost of physical trial demonstratives of prior art in a patent case was
> recoverable under §1920. *Profectus Tech. LLC v. Google LLC*, 2022 WL 3362282,
> at *5 (W.D. Tex. Aug. 15, 2022). The watches purchased from Defendants here
> are no different, and their cost is recoverable.

(Pl.'s Reply at 3-4.)

After reviewing the parties' arguments, the relevant evidence, and the case law, the Court

**FINDS and CONCLUDES** that the costs for the pre-suit purchases by Plaintiff of two of

Defendants' watches of $7,579.96 do fall with the allowable costs under 28 U.S.C. 1920(4). Similar to the physical trial demonstratives[18] used by Defendants in *Profectus Technology LLC, supra*, the two purchased watches in this case were necessarily obtained for use in this case to prepare for trial and for presentation to the jury at trial. Consequently, Defendants' objection to the cost of the watches is **OVERRULED**.

### 3.  Copying Costs in the Amount of $15,970.95[19]

Defendants also object to the "amount of $15,970.95 for charges related to copies for trial binders." (Defs.' Objs. at 7.) Specifically, Defendants argue: First, the fees must be reduced by the non-taxable costs of custom tabs and binders. Tabs and binders are generally considered costs incurred for the convenience of counsel, and thus are not taxable under § 1920.

> Second, the fees must be reduced for the cost of making <u>color</u> copies of the trial exhibits and other trial documents. Similar to tabs and binders, color copies are generally considered costs incurred for the convenience of counsel, and thus are not taxable under § 1920. Defendants therefore object to $12,281.35 requested by Plaintiff as representing non-recoverable charges.
>
> Further, Plaintiff created **53 binders** for trial **primarily for the benefit of their trial team.** Per the Court's Scheduling Order (Dkt. No. 26), Plaintiff was required only [sic] deliver a set of marked exhibits to the Court's chambers (except for large or voluminous items). As stated above, Plaintiff only used one-third of its designated exhibits at trial. Of the remaining charges for trial copies, Plaintiff should not be reimbursed for its excessive over-designation of exhibits and should only be entitled to one-third of such excessive charges.

(Defs.' Objs. at 7-8 (internal citations omitted).)

---

[18] The physical trial demonstratives were "[t]he Kodak Smart Picture Frame Storybook Digital, the Sony PHD-A55 5-in Digital Photo Frame, the Original Sony 128 MB Memory Stick, the Sony MSAC-US1 Memory Stick Reader/Writer w/ USB Cord." *Profectus Tech. LLC*, 2022 WL 3362282, at *5 n.4.

[19] Calculated: 2727.82 + 7913.51 + 2193.60 + 968 + 364.60 + 566.92 + 328.10 + 908.40 = $15,970.95. (*See* Exhibit D to Bill of Costs, page 5-12 of doc. 102-4.)

In its reply, Plaintiff claims that it only requesting reimbursement for copies for trial "and excluded all other copies in the case, even though they may have been recoverable." (Pl.'s Reply at 5.) Plaintiff argues that "many of the binders and copies were witness books for which Rolex had at least 5 copies related to each witness (one for each of the witness, Defendants' counsel, and Plaintiff's counsel, and two for the Court)," for a total of 35 binders based on seven witnesses. (*Id.*) As to the $848.10 cost of the tabs (included in the total $15,970.95 total cost of the copies), Plaintiff states "that given the volume of exhibits in this case, tabs were necessary for organizing and facilitating quick access to the documents during trial, regardless of the types of binders." (*Id.*) As to the $10,795 cost of the color copies (included in the total $15,970.95 total cost of the copies), Plaintiff claims that color copies were necessary in this trademark infringement and counterfeiting case to properly review and understand the exhibits "that contained innumerable color images of the counterfeit watches some of which had repainted dials with reprinted trademarks compared to genuine watches."[20] (Pl.'s Reply at 5-6.) Plaintiff also states that other exhibits were scans of physical documents or advertisements by the parties, which needed to be in color either to more accurately depict the details of the counterfeit watches or to show context. (Pl.'s Reply at 6.)

After reviewing the arguments made by the parties, the receipts provided, the relevant case law, and the specific facts of this case, the Court **FINDS and CONCLUDES** that Plaintiff has shown that the costs specifically associated with the tabs, color copies, and 35 of the 53 binders were necessarily incurred for use in the case and are, thus, recoverable. *See, e.g., Firehouse Church Ministries v. Church Mutual Ins. Co.*, No. 3:20-CV-354-KHJ-FKB, 2022 WL 4490171, at *4 (S.D. Miss. Sept. 27, 2022) (allowing recovery for copy expenses, including some color copies); *Leal v. Magic Touch Up, Inc.*, No. 3:16-CV-00662-O, 2019 WL 162885, at *6 (N.D. Tex. Jan. 9,

---

[20] The Court notes that the receipts show that 21,590 of the copies were for color copies and 13,620 of the copies were for black and white copies.

2019) ("The documentation provided by Defendants is sufficient to justify the claimed expenses because it shows that the copies 'were necessarily obtained by [Defendants] for use in the case and were not made for [Defendants'] counsel's convenience."); *Jacked Up, LLC v. Sara Lee Corp.*, No. 3:11-cv-3296-L, 2015 WL 10607574, at *3-4 (N.D. Tex. Sept. 2, 2015) (approving vendor invoices for some copy costs and cost of binders). Consequently, Defendants' objections to the tabs, 35 binders, and color copy expenses should be **OVERRULED.** However, Defendants' objections to the remaining 18 binders are **SUSTAINED**. Thus, Defendants should be taxed a total of **$15,718.95** in copying costs.

## I.   RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Defendants' objections to the Plaintiff's Bill of Costs [doc. 104] be **PARTIALLY OVERRULED and PARTIALLY SUSTAINED** as set forth above and  Defendants should be taxed a total of **$50,495.96** in costs, which consists of $400 in Fees of the Clerk, $346 in fees for service of summons and subpoena, $20,108.55 in fees for printed or electronically recorded transcripts necessarily ordered for use in the case, and $29,641.41 in fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 11, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 28, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE