IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROLEX WATCH U.S.A., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01060-O |
| | § | |
| BECKERTIME, LLC and | § | |
| MATTHEW BECKER, | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, Rolex Watch U.S.A. ("Rolex") filed their Bill of Costs (ECF No. 102) on August 26, 2022, seeking costs, pursuant to Federal Rule of Civil Procedure 54(d)(1). Specifically, Plaintiff seeks $1,100 for fees of court, $346 for fees for service of process and subpoena, $30,025.50 for printed or electronically recorded transcripts necessarily obtained for use in this case, and $29,893.40 for fees for exemplification along with the copying costs for any materials where the copies are necessarily obtained for use in the case, for a total amount of $61,364.90. Defendants filed their objection to the Bill of Costs (ECF No. 104) on September 8, 2022, and Plaintiffs filed their reply to the objection (ECF No. 107) on September 15, 2022. Before the Court now is the Magistrate Judge's Findings, Conclusions, and Recommendation (ECF No. 124), wherein he **PARTIALLY SUSTAINED** and **PARTIALLY OVERRULED** Defendants' objections to the Bill of Costs.

Defendants raised four specific objections (ECF No. 125) to the Findings and Recommendation on April 11, 2023: (1) the Magistrate Judge's decision to grant Plaintiff costs for a graphics presenter is not allowed under law; (2) the Magistrate Judge's decision to grant

Plaintiff costs for two Rolex watches purchased pre-trial is not allowed under law; (3) the Magistrate Judge's decision to grant costs for 35 of the 53 trial binders prepared for litigation is improper; and (4) an award of costs in general is inequitable under the circumstances. Rolex filed their response to Defendants' objection (ECF No. 126), and thus the questions regarding Rolex's Bill of Costs are ripe for consideration.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court.

## OBJECTIONS

Defendants claim that Rolex's use of a "graphics presenter"[1] in trial is not a necessary "fee for exemplification" per 28 U.S.C. § 1920(4).[2] Defendants characterize a graphics presenter as simply a trial consultant and argue that "expenses for experts and trial consultants are not taxable costs."[3] Contrarily, Rolex argues that the use of a graphics presenter at trial was necessary "given the small size of the components of watches discussed" and because of "the fact this was a trademark case where the visual appearance of Rolex's marks was at issue."[4] Rolex has effectively explained the necessity of using a graphics presenter during trial for this case and the overwhelming weight of persuasive authority supports Rolex's position. *See Crane v. Rave Rest. Grp., Inc.*, No. 4:20-CV-13-ALM, 2022 WL 403291, at *12 (E.D. Tex. Feb. 9, 2022); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, 2022 WL 1913619, at *4 (W.D. Tex. June

---

[1] Pl.'s Resp. 2, ECF No. 126.
[2] *See* Def.'s Obj. 5, ECF No. 125.
[3] *Id*.
[4] Pl.'s Reply 4–5, ECF No. 107.

3, 2022) (holding that the defendant could recover reasonable costs for graphics and technician costs); *RLIS, Inc. v. Cerner Corp.*, No. 3:12-CV-209, 2015 WL 4040569, at *3 (S.D. Tex. July 1, 2015) (explaining that Fifth Circuit precedent allows parties to recover costs for technical support needed when *presenting* their case at trial, but not for expenses accrued when *preparing* graphics and animations in anticipation of trial).

Defendants next object to the Magistrate Judge's recommendation that Rolex recover for the cost of two pre-trial watch purchases.[5] Since the watches were purchased through an investigator, Defendants attempt to characterize these costs as "private investigator fees"[6] which are not recoverable. *See Wilmington Tr. V. Martinez*, No. 5:20-CV-254-H-BQ, 2021 WL 2324174, at *4 (N.D. Tex. Apr. 14, 2021). However, this is a mischaracterization. Rolex expressly stated in its Bill of Costs that it was not seeking any investigator fees.[7] Furthermore, there is nothing in the record to suggest that the investigator charged any fees for the purchase of the watches. These watches were bought and used as demonstratives in trial, and demonstratives are clearly taxable costs under § 1920(4). *See Profectus Tech, LLC v. Google LLC*, No. 6:20-cv-00101-ADA, 2022 WL 3362282, at *5 (W.D. Tex. Aug. 15, 2022).

Defendants further object to the Magistrate Judge's recommendation that Rolex should recover costs for copying fees. Specifically, Defendants argue that the fees should be reduced by the cost of tabbing and color copies.[8] Defendants cite to Fifth Circuit precedent that states certain copy costs regarding the tabbing of depositions are generally not taxable under § 1920(4). *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015). However, that case is limited to taxable costs related to depositions specifically. Since that case, there have been

---

[5] Def.'s Obj. 6, ECF No. 125.
[6] *Id.*
[7] Pl.'s Reply 4, ECF No. 107.
[8] Def.'s Obj. 7–8, ECF No. 125.

numerous persuasive decisions holding that prevailing parties can recover copy fees for color copies and tabbing necessary for trial exhibits or witness books, especially in copyright cases. *See Firehouse Church Ministries v. Church Mut. Ins. Co.*, No. 3:20-CV-354-KHJ-FKB, 2022 WL 4490171, at *4 (S.D. Miss. Sept. 27, 2022); *Leal v. Magic Touch Up, Inc.*, No. 3:16-CV-00662-O, 2019 WL 162885, at *6 (N.D. Tex. Jan. 9, 2019*); Art Attacks Ink, LLC v. MGA Ent., Inc.*, 2008 WL 11337852, at *3 (S.D. Cal. Mar. 19, 2008) ("[However,] in copyright and trade dress litigation, it is reasonable to obtain color photocopies of certain exhibits."). Rolex has shown that both tabbing and color copies were necessary in this case. Tabs were needed for the effective presentation of their case due to the high volume of exhibits, and color copies were needed to properly review and understand such exhibits, as many of the exhibits contained images of counterfeit watches that had been repainted.[9]

Having reached this general conclusion allowing copying fees, the Magistrate Judge found that eighteen binders were not necessary, and thus reduced Rolex's recoverable copy fees to $15,718.95.[10] The parties do not object to the Magistrate Judge's mathematical calculation, and based on this Court's review, that discount is not plainly erroneous.

Lastly, Defendants object that an award of costs in this case would be inequitable under the circumstances.[11] Defendants cite to *Harper v. Cap. One., N.A.*, which holds that a trial judge has discretion regarding trial costs and may order each party to bear its own costs. *See* No. 3-11-CV-03007-F, 2013 WL 12250911, at *1 (N.D. Tex. Mar. 15, 2013). In deciding whether to do so, a trial judge should consider a number of factors, such as whether close and difficult legal issues were presented and whether the prevailing party possesses enormous financial resources. *Id*.

---

[9] Pl.'s Resp. 4–5, ECF No. 126.
[10] Findings, Conclusions, and Recommendation 13–14, ECF No. 124.
[11] Def.'s Obj. 8, ECF No. 125.

Defendants specifically claim that the Plaintiff has "enormous financial resources" and this case presented "unique" and "nuanced" issues.[12] Yet Defendants failed to raise this objection before the Magistrate Judge in the first instance and therefore waived this argument. *See Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge."). And even if the argument had not been waived, it is without merit. The Fifth Circuit does not permit a trial judge to forego awarding costs based on the prevailing party's wealth. *See Moore v. CITGO Refin. and Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013). As to the Defendants' claim that this case presented difficult issues that render an award of costs inequitable, this Court is instead persuaded by Rolex's response that this case was clearly controlled by prior precedent.[13]

\* \* \*

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Defendants' specific objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court.

**SO ORDERED** on this **21st day** of **June, 2023**.

                                                                            _____
                                                                            Reed O'Connor
                                                                            UNITED STATES DISTRICT JUDGE

---

[12] Def.'s Obj. 9, ECF No. 125.
[13] *See* Pl.'s Reply 6, ECF No. 126.